# UNITED STATES *v.* AUFFMORDT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued April 26, 1887.—Decided May 27, 1887.

Under § 2839 of the Revised Statutes, there can be no recovery by the United States for a forfeiture of the value of imported merchandise, the property of its foreign manufacturer, against the person to whom he had consigned it for sale on commission, and who entered it as such consignee, the forfeiture being claimed on the ground that the merchandise was entered at invoice prices lower than its actual market value at the time and place of exportation.

Section 2839 applies only to purchased goods.

Section 2864, so far as it provides for a forfeiture of the value of merchan-
  dise, is repealed by the provisions of· § 12 of the act of June 22, 1874, c.
  391, 18 Stat. 188.

The amendment made to § 2864, by the act of February 18, 1875,·c. 80, 18
  Stat. 319, by inserting the words "or the value thereof," did not have
  the effect of enacting that the value of merchandise is to be forfeited
  under § 2864, notwithstanding the act of June 22, 1874, c. 391  The
  object and effect of the amendment were only to correct an error in the
  text of § 2864, and to make it read as it read, when in force, on the 1st·
  of December, 1873, as a part of § 1 of the act of March 3, 1863, c. 76,
  12 Stat. 738.

THIS was an action brought by the United States, in the
District Court of the United States for the Southern District
of New York, against Clement A. Auffmordt, John F. Dege-
ner, William Degener, and Adolph William Von Kessler,
composing the firm of C. A. Auffmordt & Co., to recover
the sum of $321,519.29 with interest.

The complaint alleged violations by the defendants of
statutes of the United States in respect to entries of imported
merchandise made by the defendants in 1879, 1880, 1881, and
1882, the value of such merchandise being the above-named
sum, and claims that by reason of the acts of the defendants
alleged in the complaint the defendants have forfeited such
value to the United States.    The defendants put in an
answer containing a general denial, and the case was tried
in the District Court before a jury.

After the case was opened to the jury on the part of the
United States, and before any testimony was offered, the de-
fendants moved, upon such opening, that the court direct a
verdict for the defendants, on the ground that there was no
statute of the United States whereby the value of the mer-
chandise could be recovered by reason of the acts alleged to
have been committed by the defendants as consignees of the
goods, which was the capacity in which they received and
entered the goods, the goods being the property of the manu-
facturers of them in Switzerland, and being consigned to the
defendants for sale on commission.   The facts sought to be
proved against the defendants were that they, knowingly and
with intent to defraud the revenue, entered the goods at in-

voice prices lower than their actual market value at the time and place of exportation. The court ruled that there was no existing statute of the United States under which the plaintiff could recover upon any possible proof, and that a verdict must be directed for the defendants. 19 Fed. Rep. 893. The plaintiffs excepted to this ruling.

*Mr. Solicitor General* for plaintiff in error.

Two propositions are proposed to be maintained by the government in this case :

1. The merchandise for whose value suit was brought, was, under the evidence offered, subject to forfeiture.

2. As the merchandise was subject to forfeiture, the United States were entitled to recover its value without seizure of the goods.

As applicable to the first of these propositions, the following statutes are cited : § 2839, Revised Statutes, originally enacted as the 66th section of the act 2d March, 1799 ; so much of § 2841 as is material, originally § 4 of the act of 1st March, 1823 ; § 2845, originally § 8 of the act of March 1, 1823 ; § 2854, originally the first part of § 1 of the act of the 3d March, 1863 ; § 2864, originally part of § 1 of the act of March 3, 1863 ; § 12 of the act of June 22, 1874, Supplement to Revised Statutes, page 79.

The remaining question is, can the United States recover the full value of the invoice or packages without a seizure of the goods?

The rule to be applied in the construction of revenue laws involving forfeiture is stated by Justice Swayne in the case of *Cliquot's Champagne*, 3 Wall. 114, 145, to be as follows : "Revenue laws are not penal laws in the sense that requires them to be construed with great strictness in favor of the defendant. They are rather to be regarded as remedial in their character, and intended to prevent fraud, suppress public wrong, and promote public good. They should be so construed as to carry out the intention of the legislature in passing them and most effectually accomplish these objects." See also *Taylor* v. *United States*, 3 How. 197, 210.

Sections 2839 and 2864 both expressly provide for the forfeiture of merchandise *or its value*. If, then, these sections, or either of them, stand as law at this time, and are applicable to the facts of this case the value may be recovered without seizure of the merchandise. The facts of this case fully meet the requirements of both sections, unless they are rendered inapplicable under § 2839, because, as was ruled by the District Court, that section was applicable only to goods purchased.

*Alfonso* v. *United States*, 2 Story, 421, cited to support this proposition does not' support it; on the contrary, the court avoided it.

Whatever the lawmakers intended at the time of the passage of § 2839, unless modified or repealed by subsequent legislation, is what the section means now. It was originally enacted in 1799. Neither at nor prior to that time had there been any legal distinction recognized between an import by a purchaser and an import by a manufacturer. The section is general in its terms and embraces " all merchandise of which entry has been made," whether entered by the foreign manufacturer or by the purchaser.

The word " cost," as distinguished from the market value or wholesale price, was first used in the act of March 1, 1823. It is only in still more recent legislation that the word " cost " is applied in the same legislation to purchasers and market value, to manufacturers and their consignees and agents. Numerous cases arose under this section and are reported, but in none of them did the distinction now sought to be set up between purchaser and manufacturer as applicable to that section obtain any recognition. Those cases extended from the *United States* v. *Riddle*, 5 Cranch, 311, to *Smoltz's Case*, decided at December Term, 1869, reported in 5 C. Cl. 294. As the distinction then was not made between purchaser and manufacturer until after the passage of the act of 1799, it cannot with propriety be made to relate back, and be applied to the interpretation of the section passed before it was known and recognized. It is, therefore, contended that § 2839 when originally enacted applied to purchasers and manufacturers alike, and, unless repealed, is applicable to this case. That it was not repealed

up to December, 1869, is abundantly established by the following cases: *Wood* v. *United States*, 16 Pet. 342; *United States* v. *Sixty-Seven Packages Dry Goods*, 17 How. 85; *United States* v. *Nine Cases Silk Hats*, 17 How. 97; *United States* v. *One Package Merchandise*, 17 How. 98; *United States* v. *One Case Clocks*, 17 How. 99; *Smoltz* v. *United States*, 5 C. Cl. 301.

The District Court in this case ruled that § 2864 was repealed by the 12th section of the act of June 22, 1874. If this ground be well taken, both §§ 2839 and 2864 have ceased to be a part of the law of the land; if erroneous, they both still remain, and the judgment in this case should be reversed.

The only direct repealing provision found in the 12th section of the act of the 22d of June, 1874, is:

"And anything contained in any act which provides for the forfeiture or confiscation of an entire invoice in consequence of any item or items contained in the same being undervalued, be and the same is hereby, repealed."

This clause shows that it was the intent of the law to repeal only so much of the former law with reference to forfeitures, as forfeited an invoice for an item or items of fradulent entry. Had the legislature intended to repeal all, they would have used different language. It cannot be conceived that they intended to repeal the whole system of laws by implication, and then expressly repealed a part of the system.

The alleged repealing section mitigated the forfeiture of prior enactments, and in lieu of the penalty of the forfeiture of the whole invoice, made the fraudulent entry a crime. No implication of a general repeal arises from this. There is no legal inconsistency between the two acts.

But it is contended the new law covers the whole subject matter of the old, and adds an offence and prescribes its penalties, and therefore is inconsistent and effects a repeal; but in this case we claim that the new law only reënacts an offence and modifies a penalty prescribed by the 19th section of the act of the 30th of August, 1842, 5 Stat. 565. The new statutory penalty or forfeiture only modifies so far as it extends, which is to cases where seizure can be made.

The present case clearly shows that the new law does not cover the whole subject matter of the old.

The new law only provides for a forfeiture of the merchandise, but not for the forfeiture of its value. The merchandise can only be forfeited when the fraud is discovered, before it shall have been so disposed of as to place it out of the reach of legal seizure.

The old law provides for an additional case of the forfeiture of the value as well as the merchandise under it, when, as in this case, where the fraudulent invoices, by the secret cunning of the wrong-doers, had concealed the wrong until the remedy by seizure had become impossible, the value only could be forfeited.

If the tariff acts of 1799, and subsequent acts be examined with care, it will be found that § 12 of the act of 1874 only consolidates so much of the law as related to cases where seizure of merchandise could be made, but does not include such provisions of the prior law as are applicable to cases where seizure could not be made.

The cases of *Buckley* v. *United States*, 4 How. 251; *Wood* v. *United States*, 16 Pet. 342; *United States* v. *Sixty-Seven Packages of Dry Goods*, 17 How. 85; *Taylor* v. *United States*, 3 How. 197, rule, that the provisions of the above-named several statutes did not repeal § 66 of the act of 1799. In these cases the distinction is also recognized, between the provisions of that section, which relate to cases in which the seizure can be made and those in which it cannot.

*Mr. Charles M. Da Costa* for defendants in error.

MR. JUSTICE BLATCHFORD, after stating the case as above reported, delivered the opinion of the court.

The two sections of the Revised Statutes upon which the United States base their right of recovery in the case are §§ 2839 and 2864. Section 2839 was originally enacted as part of § 66 of the act of March 2, 1799, c. 22, 1 Stat. 677, and reads as follows: "SEC. 2839. If any merchandise, of which entry has been made in the office of a collector, is not invoiced according to the actual cost thereof at the place of exportation

with design to evade payment of duty, all such merchandise, or the value thereof, to be recovered of the person making entry, shall be forfeited."

Section 2864 was originally enacted as part of § 1 of the act of March 3, 1863, c. 76, 12 Stat. 738, and reads as follows: "Sec. 2864. If any owner, consignee, or agent of any merchandise shall knowingly make, or attempt to make, an entry thereof by means of any false invoice, or false certificate of a consul, vice-consul, or commercial agent, or of any invoice which does not contain a true statement of all the particulars hereinbefore required, or by means of any other false or fraudulent document or paper, or of any other false or fraudulent practice or appliance whatsoever, such merchandise, or the value thereof, shall be forfeited."

The bill of exceptions contains the following statement as to the proceedings after the above ruling of the court: The plaintiffs asked leave to prove, successively, that items contained in the invoices mentioned in the complaint and bill of particulars were undervalued, within the meaning of the last clause of § 12 of the act of June 22, 1874, which reads as follows: "Anything contained in any act which provides for the forfeiture or confiscation of an entire invoice in consequence of any item or items contained in the same being undervalued, be, and the same is hereby, repealed;" that the defendants, being consignees of the merchandise mentioned in the complaint, knowingly made entries thereof by means of false invoices; that the defendants, being agents of the merchandise mentioned in the complaint, knowingly made entry thereof by means of false invoices; that the defendants, being consignees of the merchandise mentioned in the complaint, knowingly made entry thereof by means of invoices which did not contain a true statement of the particulars required in that part of the act of March 3, 1863, preceding the provision of the act which was reënacted as § 2864 of the Revised Statutes; that the defendants being agents of the merchandise mentioned in the complaint, knowingly made entry thereof by means of invoices which did not contain a true statement of the particulars required in that part of the act of March 3, 1863, preceding the

provision of the act which was reënacted as § 2864 of the Revised Statutes; that the defendants, being the consignees of the merchandise mentioned in the complaint, knowingly made entry thereof by means of false and fraudulent documents and papers; and that the defendants, being the agents of the merchandise mentioned in the complaint, knowingly made entry thereof by means of false and fraudulent documents and papers. These requests being successively denied, the plaintiffs excepted to each refusal. The jury under direction of the court, found a verdict for the defendants, to which direction the plaintiffs excepted. After a judgment for the defendants, the plaintiffs took the case to the Circuit Court by a writ of error, where the judgment was affirmed, and they have brought the case to this court by a writ of error.

The main contentions on the part of the defendants are, that § 2839 relates only to purchased goods, and not to consigned goods, and that § 2864 is superseded by § 12 of the act of June 22, 1874, c. 391, 18 Stat. 188. These contentions were sustained by the District Court in its opinion.

Section 2839 provides for the forfeiture of merchandise, or the value thereof, "to be recovered of the person making entry," where the merchandise is "not invoiced according to the actual cost thereof at the place of exportation, with design to evade payment of duty." This section, originally enacted in 1799, is applicable only to goods which are required to be invoiced according to their actual cost at the place of exportation. *Alfonso* v. *United States*, 2 Story, 421, 429, 432. By § 2841 of the Revised Statutes, originally § 4 of the act of March 1, 1823, c. 21, 3 Stat. 730, 732, forms of oaths on the entry of goods are prescribed, one for the "consignee, importer, or agent," one for the "owner in cases where merchandise has been actually purchased," and a third for the "manufacturer or owner in cases where merchandise has not been actually purchased." In the first form of oath, the oath is, that the invoice "exhibits the actual cost, (if purchased,) or fair market value, (if otherwise obtained,)" at the time and place of procurement. In the second form of oath, the oath is, that the oath contains "a just and faithful account of the actual cost."

In the third form of oath, the oath is, that the goods were not actually bought by the importer or consignee, or by his agent, in the ordinary mode of bargain and sale, but that nevertheless the invoice " contains a just and faithful valuation of the same, at their fair market value " at the place of procurement.

Section 2845, originally § 8 of the act of March 1, 1823, c. 21, 3 Stat. 733, provides that " no merchandise subject to *ad valorem* duty, belonging to a person not residing at the time in the United States, who has not acquired the same in the ordinary mode of bargain and sale, or belonging to the manufacturer, in whole or in part, of the same, shall be admitted to entry, unless the invoice thereof is verified by the oath of the owner or of one of the owners, . . . certifying that the invoice contains a true and faithful account of the merchandise, at its fair market value, at the time and place when and where the same was procured or manufactured, as the case may be."

Section 2854, originally a part of § 1 of the act of March 3, 1863, c. 76, 12 Stat. 737, provides as follows: " All such invoices " (that is, all invoices of merchandise imported from any foreign country) " shall, at or before the shipment of the merchandise, be produced to the consul, vice-consul, or commercial agent of the United States nearest the place of shipment, for the use of the United States, and shall have indorsed thereon, when so produced, a declaration signed by the purchaser, manufacturer, owner, or agent, setting forth that the invoice is in all respects true; that it contains, if the merchandise mentioned therein is subject to *ad valorem* duty, and was obtained by purchase, a true and full statement of the time when and the place where the same was purchased, and the actual cost thereof, and of all charges thereon; and that no discounts, bounties, or drawbacks are contained in the invoice but such as have actually been allowed thereon; and when obtained in any other manner than by purchase, the actual market value thereof at the time and place when and where the same was procured or manufactured; and, if subject to specific duty, the actual quantity thereof; and that no different invoice of the merchandise, mentioned in the invoice so produced, has been or will be furnished to any one. If the

merchandise was actually purchased, the declaration shall also contain a statement that the currency in which such invoice is made out is the currency which was actually paid for the mer-chandise by the purchaser."

It is quite clear, from the above provisions, that, where imported goods are the property of their manufacturer, the invoice need only state the fair market value of the goods at the place of manufacture, and it need not state "the actual cost thereof at the place of exportation." Therefore, an invoice of goods which belong to their manufacturer is not, nor is an entry of such goods, within the purview of § 2839, so as to make the person entering them with design to evade payment of duty liable to a forfeiture of their value.

The most serious question arises in respect to § 2864, which is alleged to have been superseded by § 12 of the act of June 22, 1874. The two statutes are here placed in parallel columns:

| *Section 2864, Revised Statutes, (2d ed).* | *Section 12 of the Act of June 22, 1874.* |
|---|---|
| "If any owner, consignee, or agent of any merchandise shall knowingly make, or attempt to make, an entry thereof by means of any false invoice, or false certificate of a consul, vice-consul, or commercial agent, or of any invoice which does not contain a true statement of all the particulars hereinbefore required, or by means of any other false or fraudulent document or paper, or of any other false or fraudulent practice or appliance whatsoever, such merchandise or the value thereof shall be forfeited." | "That any owner, importer, consignee, agent, or other person who shall, with intent to defraud the revenue, make, or attempt to make, any entry of imported merchandise, by means of any fraudulent or false invoice, affidavit, letter, or paper, or by means of any false statement, written or verbal, or who shall be guilty of any wilful act or omission by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, or any portion thereof, embraced or referred to in |

> such invoice, affidavit, letter, paper, or statement, or affected by such act or omission, shall, for each offence, be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both; and, in addition to such fine, such merchandise shall be forfeited; which forfeiture shall only apply to the whole of the merchandise in the case or package containing the particular article or articles of merchandise to which said fraud or alleged fraud relates; and anything contained in any act which provides for the forfeiture or confiscation of an entire invoice in consequence of any item or items contained in the same being undervalued, be, and the same is hereby, repealed."

Assuming that the language of § 2864, declaring that the merchandise or its value shall be forfeited, would authorize a suit *in personam*, without a seizure of the merchandise, and also assuming that the suit for a forfeiture of the value may be brought against the owner, consignee, or agent, the question for determination is, whether the provision in § 2864, for a forfeiture of the value, is superseded by the enactment of § 12 of the act of June 22, 1874, which provides only for a forfeiture of the merchandise, and does not provide for any forfeiture of its value.

Section 13 of the act of June 22, 1874, provides that any merchandise entered by any person violating § 12, but not

subject to forfeiture under that section, may, while owned by him or while in his possession, " to double the amount claimed, be taken by the collector and held as security for the payment of any fine or fines incurred as aforesaid." Section 14 provides that the omission, without intent thereby to defraud the revenue, to add, on entry, to the invoice, certain specified charges, shall not be a cause of forfeiture of the goods " or of the value thereof." Section 16 provides that, in suits to enforce the forfeiture of goods, " or to recover the value thereof," no fine, penalty, or forfeiture shall be imposed unless the jury shall find that the alleged acts were done with an actual intention to defraud the United States. Section 26 repeals all acts and parts of acts inconsistent with the provisions of that act. There is not in the act any other repealing provision, except that contained in the concluding words of § 12, above quoted.

The act of June 22, 1874, was passed on the same day with the Revised Statutes, § 5595 of which declares that the Revised Statutes embrace the general and permanent statutes of the United States which were in force on the 1st day of December, 1873. Section 5601 declares that the enactment of the revision is not to affect or repeal any act of Congress passed since the 1st day of December, 1873; that all acts passed since that date are to have full effect, as if passed after the enactment of the revision; and that, so far as such acts vary from or conflict with any provision contained in the revision, they are to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith. The act of June 22, 1874, is, therefore, a subsequent statute to the Revised Statutes, and repeals any portion thereof which is inconsistent with such subsequent statute.

On a full review of the above-recited provisions of the act of June 22, 1874, and of its other provisions, it is apparent that, so far, at least, as the acts subject to the penalties denounced in § 2864 are concerned, they are entirely covered by the provisions of § 12 of the act of June 22, 1874. There is no act denounced by § 2864 that is not embraced, both as to person and character of act, by the provisions of § 12. The latter section adds, as a punishment for the offence, fine or

imprisonment, or both, and a forfeiture of the merchandise, in addition to the fine.   It leaves out a forfeiture of the value of the merchandise, and forfeiture of such value is inconsistent with the terms of § 12, and is, therefore, repealed by it.   The absolute forfeiture of the merchandise, provided for by § 12, is inconsistent, also, with the alternative forfeiture of the merchandise or its value, provided for by § 2864.   The provisions of the two statutes cannot stand together.   *Norris* v. *Crocker*, 13 How. 429, 438 ; *United States* v. *Tynen*, 11 Wall. 88, 92 ; *Murdoch* v. *City of Memphis*, 20 Wall. 590, 617 ; *United States* v. *Claflin*, 97 U. S. 546, 552, 553 ; *King* v. *Cornell*, 106 U. S. 395, 396 ; *Pana* v. *Bowler*, 107 U. S. 529, 538.

The considerations covered by the foregoing views are so well discussed and enforced in the opinion of the District Judge in this case that it is not deemed necessary further to enlarge upon them.

Section 2864 of the Revised Statutes, when originally enacted on the 22d of June, 1874, did not contain the words " or the value thereof " after the words " such merchandise."   By the act of February 18, 1875, c. 80, 18 Stat. 319, entitled "An Act to correct errors and to supply omissions in the Revised Statutes of the United States," and which act states " that, for the purpose of correcting errors and supplying omissions in the act entitled ' An Act to revise and consolidate the statutes of the United States in force on the first day of December, Anno Domini one thousand eight hundred and seventy-three,' so as to make the same truly express such laws, the following amendments are hereby made therein," it is provided as follows : " Section two thousand eight hundred and sixty-four is amended by inserting in the last line, after the word ' merchandise,' the words ' or the value thereof.' "   Section two of the act directs the Secretary of State, " if practicable, to cause this act to be printed and bound in the volume of the Revised Statutes of the United States."

It is contended for the United States that this amendment to § 2864, made by the act of February 18, 1875, can be reasonably accounted for only upon the theory that, at the date it was made, which was after the passage of the act of June

22, 1874, c. 391, Congress regarded § 2864, as thus amended, as a valid existing law, particularly in respect to the amendment, and intended to declare that the value of the merchandise should be forfeited under § 2864, notwithstanding the passage of the act of June 22, 1874, c. 391. But we are of opinion that the amendment made by the act of February 18, 1875, did not have the effect contended for. Its sole object was to correct errors and supply omissions in the text of the Revised Statutes, as its title indicates, so as to make the same truly express the statutes in force on the 1st of December, 1873, and it made special reference to the printed volume of the Revised Statutes. It was in no respect new legislation, nor a new law enacted to take effect from the date of its passage, in such wise as to alter any enactment made since the passage of the Revised Statutes. The intention was to make § 2864 read as it ought to have read in the printed volume, in the shape in which it was in force on the 1st of December, 1873, as a part of § 1 of the act of March 3, 1863, c. 76, 12 Stat. 738. It left the act of June 22, 1874, c. 391, to have its full effect in respect to § 2864, in like manner as if the words "or the value thereof" had been contained in that section, in the printed volume of the Revised Statutes. There was a law in force on December 1, 1873, and subsequently thereto, down to June 22, 1874, authorizing a forfeiture of the value of merchandise for the causes stated in § 2864, and the fact that forfeitures of such value might have been incurred during the intervening period between December 1, 1873, and June 22, 1874, was a sufficient reason for the correction made in § 2864.

*The judgment of the Circuit Court is affirmed.*