## UNITED STATES v. KUENTSLER.

(Circuit Court, S. D. New York. February 17, 1896.)

CRIMINAL LAW — PENSIONS—FALSE AFFIDAVITS — SPECIAL AND GENERAL ACTS. —REV. ST. §§ 4746, 5421.

A special statute supersedes an incompatible general one. Section 4746, Rev. St., imposing a different and lighter punishment than section 5421, is alone applicable to the specific cases for which it provides, viz. procuring and presenting false affidavits or vouchers made by other persons. It does not include the making of a false pension affidavit, which is governed by the general provisions of section 5421. Upon an indictment under section 5421, therefore, charging the defendant with making and causing to be made "a certain false affidavit," a copy of which, signed by the defendant, was set forth in the indictment, *held*, on demurrer, that the offense charged was in fact the making of a false affidavit by the defendant, and fell within section 5421.

Demurrer to Indictment.

Wallace Macfarlane, U. S. Atty., and Max Kohler, Asst. U. S. Atty.

Kellogg, Rose & Smith, for defendant.

BROWN, District Judge. The indictment charges that the defendant on the 4th day of May, 1893, "* * * did unlawfully, willfully, and knowingly falsely make and cause to be made a certain false writing, to wit, a false affidavit * * *" stating in substance that Lina Reed, an applicant for a pension, as the widow of James I. Reed, sergeant, was a widow, and had not remarried since the death of her husband; whereas in fact she was married to said Kuentsler. A copy of the alleged false affidavit forms a part of the indictment.

Upon a general demurrer to the indictment the counsel for the defendant contends that section 5421 of the Revised Statutes, which was taken from the act of March 3, 1823, is inapplicable to all matters connected with pensions, because superseded by the thirty-third section of the act of March 3, 1873, now forming section 4746 of the Revised Statutes, inasmuch as the latter provisions constitute particular legislation concerning offenses connected with pensions, while section 5421 and the act of 1823 are general. U. S. v. Tynen, 11 Wall. 88; U. S. v. Auffmordt, 122 U. S. 197, 209, 7 Sup. Ct. 1182; Id., 19 Fed. 893.

While the principle invoked in behalf of the defendant is no doubt a sound one, I do not think it applicable to the present case, so far as affects this indictment. Sections 4746 and 5421 are incompatible, so far as they refer to the same precise offense; for the reason that the punishment that may be imposed by the former section is quite different from that which is permissible under the latter. Under the former statute the punishment may be by a fine of one dollar only, or of imprisonment for one day only; and it cannot exceed a fine of $500 and imprisonment for more than three years. Under section 5421 imprisonment alone can not be imposed for less than one year, while it may be for ten years; nor can a fine alone be imposed without some imprisonment also; while there may be a

fine of $5,000 together with imprisonment for five years. The act of 1873 and section 4746 plainly contemplate a grade of offenses inferior to those contemplated by the act of 1823 and section 5421.

When the act of 1873 (now section 4746) was passed, the general act of 1823 was in force, and it was broad enough to cover almost all cases of frauds, or attempted frauds, upon the United States by means of false, fraudulent, or forged papers. The scope of section 33 of the act of 1873, which is in the same words as the present section 4746 of the Revised Statutes, is very much narrower. It covers only two classes of cases: (1) Where a person procures the making or presentation of a false or fraudulent affidavit concerning a pension claim; (2) where a person presents, or causes to be presented any post-dated power of attorney, or other pension voucher. The first class of cases, that of procuring the making or presentation of a false or fraudulent affidavit, does not apply to the person who makes the false affidavit, or to the person who presents it. It applies only to the suborner who induces or procures another person to make or to present the false affidavit. This offense, together with that of presenting a post-dated power of attorney or other voucher, was, by the act of 1873, distinguished and taken out of the general class of frauds against the United States already covered by the act of 1823, and made subject to lighter punishment. The two sections of the Revised Statutes are to be construed in the same way. Whatever is included within the provisions of section 4746, is in my judgment indictable under that section alone. This construction is reported to have been given to these acts by Judge Wheeler in 1886 (see 9 Cr. Law Mag. 707), and I concur in that view.

But the indictment in this case, though it uses the language "falsely made and caused to be made a false affidavit, etc.," includes as a part of the indictment a copy of the false affidavit itself, signed by the defendant. The evidence, therefore, must be limited to the making of the affidavit charged. It is impossible to contrue this indictment as meaning to charge the defendant with the offense of procuring another person to make a false affidavit; it means that the defendant himself made the false affidavit. That is not within the provisions of section 4746, but is embraced by section 5421.

The demurrer is, therefore, overruled.