## UNITED STATES v. HANSEE.

(Circuit Court, S. D. New York. March 18, 1897.)

CRIMINAL LAW—PENSION—FALSE AFFIDAVIT—REV. ST. §§ 5421, 4746—INTENT TO DEFRAUD—INDICTMENT SUSTAINED—CONVICTION FOR A LESS OFFENSE INCLUDED.

An indictment charging the defendant with procuring a false affidavit to be presented to the pension office in a pension case with intent to defraud the United States alleges but a single offense, viz., an offense under Rev. St. § 5421, and the indictment is not double, but is good under that section. If the intent to defraud the United States is not proved, conviction on proof of the other facts may be had under section 4746, as a less offense included within the offense charged, under section 1035.

Arthur C. Butts, for the motion.
Jason Hinman, opposed.

BROWN, District Judge. I have given the above motion the same consideration as if it were in form a demurrer to the indictment, or a motion in arrest of judgment after conviction.

The objection raised against each count of the indictment is that it charges two separate offenses, viz., one under Rev. St. § 5421, and another offense under section 4746. The indictment alleges that Ostrander did feloniously cause and procure to be transmitted to the commissioner of pensions, and to be presented at his office, a false affidavit in support of Hedges' claim to a pension, with the intent to defraud the United States, and to induce the United States to pay Hedges large sums of money; and that the defendant Hansee did unlawfully, willfully, and with like intent, aid, abet, counsel and procure said Ostrander to commit said offense, the said Hansee well knowing the said writing to be false, and with the intent on his part to injure and defraud the United States.

Section 5421 is of broad application, covering false papers made or caused to be made, transmitted or presented, in support of any claim, with intent to defraud the United States, knowing it to be false. Section 4746, on the other hand, is limited to pension cases alone; and the part of it here applicable is confined to a false affidavit.

There is no doubt that the acts charged in the indictment, if committed with the intent to defraud the United States, constitute

an offense under section 5421. The same acts, if not done with that intent, would certainly not constitute that offense, because that intent is made 'an essential element by the language of the statute itself. Under section 4746, on the other hand, no such intent is required by the statute. The latter offense would be committed if a person should knowingly and willfully procure the presentment of a false or fraudulent affidavit in support even of a just claim. It is evident, therefore, that for procuring the presentment of a false affidavit, pertaining to a pension claim, the case may fall under section 5421, or under section 4746, according as the intent exists, or does not exist, to defraud the United States within the meaning of those words in section 5421. If that element exists, then the offense is under section 5421; upon the same facts without that intent, the offense would fall under section 4746. In pension cases, so far as section 4746 is applicable, this court held in the case of U. S. v. Kuentsler, 74 Fed. 220, that it supersedes section 5421, but no further; and this seems to be sustained by the recent case of Edgington v. U. S., 164 U. S. 361, 363, 17 Sup. Ct. 72.

Section 5421, therefore, includes the offense in pension cases de-, scribed in section 4746, with the additional element of an intent to defraud the United States; and that element makes the offense one of a higher grade and subject to the higher punishment of section 5421.

A careful reading of the indictment satisfies me that the offense here charged is an offense under section 5421 alone; because the intent to defraud the United States is specifically alleged both against Ostrander and against Hansee; and in addition to this the specific charge is made of transmitting or causing to be transmitted a false paper; and "transmitting" is not included in section 4746. The indictment, from the nature of the acts charged, necessarily includes what would be an offense under section 4746, because the greater must include the less. That cannot constitute a valid objection to this indictment; because if such an objection were good, no count for a higher offense could ever stand when the acts charged also embraced a lower offense.

I have carefully examined the authorities cited, and do not find them applicable to a case like the present. On the contrary, the cases of People v. Palmer, 43 Hun, 397; Dedieu v. People, 22 N. Y. 178; Keefe v. People, 40 N. Y. 348, seem to me to sustain the present indictment; for while the acts charged bring the case under either section, the intent alleged in the indictment brings the case under section 5421 alone.

Section 1035 provides as follows:

"In all criminal causes the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment."

This provision is somewhat broader and clearer than that of the New York Criminal Code (section 444), which seems to refer to the peculiar phraseology of the New York Criminal Statutes. Section 1035 recognizes the fact that a charge and indictment for one offense may include a less offense; and it expressly authorizes a ver-

dict of guilty for the less offense, whenever the latter is included in the offense charged in the indictment. The general subject is discussed at length by Denio, J., in Dedieu v. People, 22 N. Y. 178. In conclusion he says:

"In all these cases the indictment includes a true description of the act done, and all the circumstances defining the meaning of the offense, and it adds to these the further circumstance, which, if proven, would raise the offense to the higher grade. Now, if the latter are not proved, there is yet no variance. As far as the proof goes, it conforms to the allegations. Simply, the whole indictment is not proved: but the principle applies that it is enough to prove so much of the indictment as shows that the defendant has committed a substantial crime therein specified." Page 184.

It seems to me that these observations precisely apply to the present case. The indictment is framed for the larger offense under section 5421 alone, in which the intent to defraud the United States is an essential ingredient. Without proof of that intent, but with the other allegations proved, the defendant, under the provisions of section 1035, though not guilty under section 5421, might be convicted under section 4746, because it is a less offense of the same character, and is included within the higher offense under section 5421, described in the indictment.

Motion denied.