## UNITED STATES v. DIBELLA.

Circuit Court of Appeals, Second Circuit.
October 29, 1928.

No. 108.

Louis Halle, of New York City, for appellant.

William De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge. The first count upon which the defendant was convicted charged that he had had in his possession, custody, and control a still which had not been registered by filing quadruplicate written statements with the proper prohibition administrator. The fourth count charged that he maintained a nuisance in the place where the still was found. The defendant

was arrested while alone in a room, tending a still in which alcohol was being made, in the lower story of a house in Jamaica, Long Island. The still had a capacity of 1,000 gallons, a furnace was burning in the cellar, and there lay about the paraphernalia necessary for the manufacture of alcohol, together with some of the product. When arrested he gave the name of another as the owner, but refused to say more. The facts are singularly like those in De Gregorio v. U. S. (C. C. A.) 7 F.(2d) 295, where we reversed a conviction for maintaining a nuisance. That case rules upon the fourth count and this conviction must also be reversed.

██ The still was not registered in the office of the local prohibition administrator, and the evidence justified the jury in finding that it was in the defendant's custody and control—Seiden v. U. S., 16 F.(2d) 197 (C. C. A. 2)—though not in his possession. The argument is that he was not shown to be its proprietor, or that he was a distiller, or had set it up. This is based upon the language of article 18 of Regulation 3, promulgated by the Prohibition Commissioner on October 1, 1927, which requires "proprietors, * * * distillers and all others who set up stills" to register them with the prohibition administrator. The defendant had to be within one of these classes, since the only proof of non-registry was in the office of that official.

Revised Statutes, § 3258 (26 USCA § 281), is from the original statute of 1868, and provides that those in possession, custody or control of stills must register them in duplicate with the collector of the district, who is to transmit one copy of the papers to the Commissioner of Internal Revenue. By virtue of the Supplemental Act of 1921 (42 Stat. 222; 27 USCA § 2 et seq.), Revised Statutes, § 3258, was re-enacted and remained in force on March 3, 1927, when the Reorganization Act (5 USCA §§ 281–281e), went into effect (U. S. v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358), except in so far as that law repealed it. Section 281c of the "Reorganization Act" transferred to the Secretary of the Treasury the powers and duties imposed on the Commissioner of Internal Revenue and his assistants, touching the manufacture of intoxicating liquors, and authorized his distribution of them between the Prohibition Commissioner and his assistants, and the Commissioner of Internal Revenue. The registration of stills provided for in Revised Statutes, § 3258, the Secretary of the Treasury by article 18 of Regulation 3, imposed upon prohibition administrators in the language quoted above.

Certainly section 281c of the "Reorganization Act" did not intend to change the substance of the powers and duties theretofore imposed upon the collector, and it is difficult to see how the Secretary might affect them by regulation. That it was his purpose in article 18 to impose upon district prohibition administrators the same power and duty to accept registration, which Revised Statutes, § 3258, had imposed upon the collector is plain, nor is it suggested that the delegation to him of such a power was invalid. The only question is whether this purpose was properly declared. It is, of course, apparent that the phrase "Proprietors of industrial alcohol plants, distillers, and all others who set up stills" is not verbally coextensive with "Every person having in his possession or custody, or under his control" of Revised Statutes, § 3258, and this gives plausibility to the argument. Yet it seems to us that the phrase is comprehensive enough to answer. The words, "proprietors of industrial alcohol plants," refer to those covered by title III, and may be ignored. That title has nothing to do with the facts at bar. The phrase, "distillers and all others who set up stills," was almost certainly meant to cover those mentioned in Revised Statutes, § 3258, and it is apparent from the use of "others" that literally "distillers" must be understood as being among those who set up stills. Yet it would be absurd to suppose that only those distillers were intended who actually erected the still, and, if so, the rest of the clause may not be so limited. This is enough, as it seems to us, to show that the language was not nicely used, and we feel free to construe it in the light of the section which alone gave it any validity. It is, of course, plain that it meant to execute the statute in its entirety, else we should have the absurdity of supposing that in some cases the still should be registered with the Secretary personally, upon whom the collector's duties had devolved until transferred by him. In spite of the fact that we are dealing with a criminal statute, it seems to us an excess of verbalism to suppose that the words of the article did not cover the case at bar.

██ Whether the indictment was open to attack in laying the crime in the language of Revised Statutes, § 3258, instead of article 18 we need not say. It was not challenged at the trial, and the point cannot now be raised.

██ The next point is that the maximum penalty for a breach of Revised Statutes, § 3258, is that prescribed by section 15 of title 3 of the National Prohibition Act (27 USCA § 85). The National Prohibition Act repealed Revised Statutes, § 3258, when originally

passed, and, as we have said, the "Supplemental Act" re-enacted it. U. S. v. Stafoff, 260 U. S. 477, 480, 43 S. Ct. 197, 67 L. Ed. 358. If the two statutes are to be regarded as punishing the same crime, which we do not say, the last controls. Norris v. Crocker, 13 How. 429, 14 L. Ed. 210. The situation is not like that in U. S. v. Auffmordt, 122 U. S. 197, 7 S. Ct. 1182, 30 L. Ed. 1182, of a re-enactment of the first statute merely to correct a verbal mistake; the re-enactment was necessary to give the section any validity at all. If, on the other hand, the offenses are to be regarded as separate, each statute stands as though it were alone, except for the provision against double prosecution. The sentence was right in either case.

Judgment affirmed on first count; reversed on fourth.