## UNITED STATES v. GANTT et al.
### Cr. No. 16695.

District Court, E. D. South Carolina,
Columbia Division.

June 26, 1947.

George Bell Timmerman, Jr., of Lexington, S. C., and Williams & Busbee, of Aiken, S. C., for defendants.

Ben Scott Whaley, U. S. Atty., of Charleston, S. C., and Alfred A. Naff, of Lexington, Ky., for plaintiff.

WYCHE, District Judge.

The information in the above case charges that on or about August 26, 1946, the defendants violated the Emergency Price Control Act of 1942, "as amended and extended," and certain Office of Price Administration maximum price regulations issued pursuant thereto.

The case is before me upon motion of the defendants to dismiss upon the following grounds:

(1) The Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., ceased to exist as a law on June 30, 1946.

(2) The Price Control Extension Act of 1946, approved July 25, 1946, 50 U.S.C.A. Appendix, § 901 et seq., 1946 U.S. Cong. Service, p. 632, did not re-enact the Emergency Price Control Act of 1942, as amended.

(3) The acts alleged in the information are neither denominated an offense nor made punishable as such under the Price Control Extension Act of 1946, or under any law in existence at the time of their alleged commission.

The Emergency Price Control Act of 1942, as amended, made it unlawful to violate Office of Price Administration maximum price regulations, 50 U.S.C.A.Appendix, § 904, and prescribed punishment for such violations, 50 U.S.C.A.Appendix, § 925.

The termination date for the provisions of this Act and all Office of Price Administration price regulations thereunder was fixed by Section 1(b) of the Act, 50 U.S. C.A.Appendix, § 901(b), which reads as follows: "The provisions of this Act, and all regulations, orders, price schedules, and requirements thereunder, shall terminate on June 30, 1946 * * *."

The termination date, originally fixed by the Act, was June 30, 1943; but, during the existence of the Act as law, the termination date was changed three times by

three Amendatory Acts. An Act of October 2, 1942, first substituted June 30, 1944; an Act of June 30, 1944, next substituted June 30, 1945; and an Act of June 30, 1945, substituted June 30, 1946, as the final termination date. 50 U.S.C.A.Appendix, § 901, Historical Note, and 1945 U.S.Code, Cong. Service, p. 760.

Before this Act, as amended, ceased to be law, Congress passed a Bill (H.R. 6042) which was designed to substitute a fourth termination date; but, that Bill was vetoed by the President on June 29, 1946, and his veto was sustained. Thus, the Emergency Price Control Act of 1942, as amended, ceased to be law by its own terms and limitations on June 30, 1946, and its provisions which made it a criminal offense to violate Office of Price Administration maximum price regulations, and which prescribed punishment therefor, together with all Office of Price Administration "regulations, orders, price schedules, and requirements thereunder" ended with it, almost two months before the date on which the defendants are alleged to have violated the Act and the Office of Price Administration maximum price regulations issued thereunder.

The Price Control Extension Act of 1946, 1946 U.S.Code, Cong. Service, p. 632, was passed by Congress in the form of a Joint Resolution. This Joint Resolution was signed by the President on July 25, 1946, twenty-five days after the Emergency Price Control Act of 1942, as amended, and all Office of Price Administration "regulations, orders, price schedules, and requirements thereunder" had terminated.

The title, resolving words, and first section of this Joint Resolution read as follows:

"Joint Resolution extending the effective period of the Emergency Price Control Act of 1942, as amended, and the Stabilization Act of 1942, as amended.

"Resolved by the Senate, and House of Representatives of the United States of America in Congress assembled, that:

"Section 1(b) of the Emergency Price Control Act of 1942, as amended, is amended by striking out 'June 30, 1946' and substituting 'June 30, 1947'. "

In the light of the above, this Joint Resolution purports to amend a law that had expired by its own limitations (the Emergency Price Control Act of 1942, as amended) by striking out the date "June 30, 1946" and substituting the date "June 30, 1947" in that law which had expired.

Neither the above section nor any other provisions in this Joint Resolution undertakes in express formal enacting words to re-enact or adopt the provisions of the Emergency Price Control Act of 1942, as amended.

Several other sections of this Joint Resolution also relate to the Emergency Price Control Act of 1942, as amended, but an examination of these sections discloses that they, too, only undertake to amend the provisions of a law that had expired by its own limitations.

In referring to the Emergency Price Control Act of 1942, as amended, this Joint Resolution uses in Sections 3, 8, 9 and 10 the amendatory words "is amended by inserting", in Sections 4, 5, 10 and 12(b) the amendatory words "is amended by adding", and in Sections 7, 12(a) and 13, the amendatory words "is amended to read".

No express words are used in any of the sections cited above to re-enact or adopt the provisions of the Emergency Price Control Act of 1942, as amended.

In addition to the above sections of the Joint Resolution, it seems necessary to examine only Section 17 and part of Section 18, which read as follows:

"Sec. 17. This Act may be cited as the 'Price Control Extension Act of 1946.'

"Sec. 18. (1) The provisions of this Act shall take effect as of June 30, 1946, and (2) all regulations, orders, price schedules, and requirements under the Emergency Price Control Act of 1942, as amended (except regulations or requirements under section 2(e) thereof relating to meat, flour, or coffee), * * *, which were in effect on June 30, 1946, shall be in effect in the same manner and to the same extent as if this Act had been enacted on June 30, 1946, * * *". 50 U.S.C.A. Appendix, § 901a note.

These two sections relate to the Joint Resolution by designating in Section 17

that it may be cited as the Price Control Extension Act of 1946, and by prescribing in Section 18 that "this Act" shall take effect as of June 30, 1946. Section 18 also relates to the Office of Price Administration "regulations, orders, price schedules, and requirements" in effect on June 30, 1946, by providing that, with certain exceptions, such "regulations, orders, price schedules, and requirements" under the Emergency Price Control Act of 1942, as amended, which were in effect on June 30, 1946, "shall be in effect in the same manner and to the same extent" as if the Price Control Extension Act of 1946 "had been enacted on June 30, 1946".

By comparison, no where is it expressly provided that the Emergency Price Control Act of 1942, as amended, "shall be in effect in the same manner and to the same extent" as if the Price Control Extension Act of 1946 "had been enacted on June 30, 1946".

It is strongly contended by counsel for defendants that no provision in the Price Control Extension Act of 1946 denominates the acts alleged in the information to be a criminal offense or prescribes any punishment therefor; and that even if Section 18 continued in effect, or reestablished, the Office of Price Administration maximum price regulations which had expired on June 30, 1946, a violation of those regulations after June 30, 1946, is not denominated a crime and is not punishable as such under any law; that the Emergency Price Control Act of 1942, as amended, is the only Act in which a violation of the Office of Price Administration maximum price regulations is denominated to be a crime and the only Act which prescribes a punishment for such a violation; that that Act by its own terms ceased to be law on June 30, 1946, and Congress confirmed its termination on that date by failing to override a Presidential veto of a Bill designed to extend the time for its termination; that the information charges that, on or about August 26, 1946, the defendants violated the Emergency Price Control Act of 1942, as amended and extended, and certain Office of Price Administration maximum price regulations issued under that Act; that in order for the alleged violations to constitute a crime and be punishable as such, they must constitute a criminal offense and must be punishable as such under some law existing at the time of their alleged commission; and that no bureau (such as the Office of Price Administration) can make criminal by regulation the doing of things which are not made criminal by law, or prescribe punishment for a violation of its regulations.

Counsel for the defendants also ably and forcibly argue that it is fundamental that Congress has the legislative power to amend existing laws; that it is equally fundamental that amendments, by their very nature, are designed to alter or change with legal effect existing laws or pending legislation; that an amendatory act operates upon existing laws, and that it is without effect in so far as it attempts to amend a nonexisting law; that "* * * a legislative intent to revive a law which has by legislative action been wholly annihilated is not alone, and without the use of language which is at least equivalent to reenactment, sufficient to accomplish the revival" (59 C.J. Sec. 558, p. 942), and that consequently, the Joint Resolution, known as the Price Control Extension Act of 1946, is without effect in so far as it may attempt to amend the Emergency Price Control Act of 1942, as amended, which expired on June 30, 1946, by its own terms.

To sustain these contentions counsel for the defendants rely strongly upon the decision of the Supreme Court in the case of United States v. Auffmordt, 122 U.S. 197, 7 S.Ct. 1182, 30 L.Ed. 1182. In that case the government instituted an action to recover the value of certain merchandise, consigned to the defendants, on the ground that the defendants had forfeited the same by violating certain statutes. Originally penalties of this character were enacted as part of an Act of 1863, 12 Stat. 738. Later, these penalties were incorporated in Section 2864 of the Revised Statutes. An Act of 1874, 18 Stat. 188, which superseded Section 2864 of the Revised Statutes, repealed such penalties. Thereafter, an Act of 1875, 18 Stat. 319, undertook to amend Section 2864 of the Revised Statutes. The lower court ruled that there

was no existing statute of the United States under which the plaintiff could recover upon any possible proof, and that a verdict must be directed for the defendants. Id., D.C., 19 F. 893. The government excepted to this ruling, and, contended that the amendatory act of 1875 could be reasonably accounted for only upon the theory that at the date it was made, which was after the passage of the Act of 1874, Congress regarded Section 2864 of the Revised Statutes, as then amended, as a valid and existing law and that the value of the merchandise assigned to the defendants should be forfeited under Section 2864 notwithstanding the passage of the Act of 1874. The Supreme Court in affirming the lower court, held that the Act of 1875 in amending Section 2864 of the Revised Statutes, which section had been terminated previously by the Act of 1874, did not have the effect of reenacting or reviving that section.

However, while I had the motion in this case under consideration the Supreme Court decided the cases of Fleming v. Mohawk Wrecking & Lumber Co., 67 S.Ct. 1129, 1131, and Fleming v. Rhodes, 67 S.Ct. 1140, in which it decided that the Emergency Price Control Act of 1942, as amended, was extended by the Price Control Extension Act of 1946, to provide for its termination not later than June 30, 1947. In the Mohawk case, supra, it is said that: "The Act was amended in 1946 to provide for its termination not later than June 30, 1947, saving, however, rights and liabilities incurred prior to the termination date.[2] * * * Though most of the controls have been lifted, *the Act is still in effect.* Liabilities incurred prior to the lifting of controls are not thereby washed out. * * * Congress has explicitly provided

that accrued rights and liabilities under the Emergency Price Control Act are preserved whether or not suit is started prior to the termination date of the Act. * * * For these reasons Fleming is a successor in office of Porter and may be substituted as a party under Rule 25, Rules of Civil Procedure." (Italics added.)

Even though the Supreme Court did not discuss in the foregoing decisions the specific grounds urged by counsel against the validity of the Price Control Extension Act of 1946, it seems to me it has, by these decisions, decided, in effect, that it was the intention of Congress to revive, reenact and extend the provisions of the Emergency Price Control Act of 1942, as amended, as well as all regulations, orders, price schedules and requirements thereunder, until June 30, 1947.

In connection with the foregoing decisions of the Supreme Court the decision of the Circuit Court of Appeals of the Tenth Circuit in the case of Kersten v. United States, 161 F.2d 337, certiorari denied 67 S.Ct. 1744 should be considered because of the similarity of facts in that case with the facts in this case. In the Kersten case, supra, the defendant was prosecuted for selling used automobiles at overceiling prices in violation of the Emergency Price Control Act of 1942, as amended, wherein the first count of the information charged that the accused made an unlawful sale prior to the expiration of the Act on June 30, 1946; the ninth and twentieth counts in the information charged the unlawful sales in August, 1946, subsequent to enactment of the Price Control Extension Act of 1946. The Circuit Court of Appeals affirmed a judgment of conviction, holding (1) that by virtue of the saving clause in Section 1(b) of the Emer-

---

[2] Pub.L. 548, 79th Cong., 2 Sess. Section 1(b) now provides: "The provisions of this Act, and all regulations, orders, price schedules, and requirements thereunder, shall terminate on June 30, 1947, or upon the date of a proclamation by the President, or upon the date specified in a concurrent resolution by the two Houses of the Congress, declaring that the further continuance of the authority granted by this Act is not necessary in the interest of the national defense and security, whichever date is the earlier; except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense." 50 U.S.C.A.Appendix, § 901(b).

gency Price Control Act of 1942, as amended, the accused may be prosecuted subsequent to the expiration of the Act, June 30, 1946, for offenses committed before that date, and (2) that the offense charged in August, 1946, violated the Emergency Price Control Act of 1942, as amended, notwithstanding that said Act expired June 30, 1946, since by the Price Control Extension Act of 1946, the Emergency Price Control Act of 1942, as amended, and penal provisions thereof were extended to June 30, 1947. See also Porter v. Merhar, 6 Cir., 160 F.2d 397.

In view of the foregoing recent decisions, I have concluded to deny the motion to dismiss.